UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cr-20337-BB

UNITED STATES OF AMERICA

vs.

ADOLFO FERNANDEZ,

    Defendant.

_____/

## MOTION FOR STAY AND FOR RECONSIDERATION OF THE COURT'S ORDER DENYING PRE-TRIAL DETENTION

    The United States of America, by the undersigned Assistant United States Attorney, respectfully requests that the Court both stay and reconsider its order denying the government's motion for pre-trial detention (DE 5), and in support states as follows:

    1.    On May 28, 2021, the defendant was charged by complaint with receipt and possession of child pornography, in violation of Title 18, United States Code, Sections 2252(a)(2) and (a)(4)(B) (DE 1). On the same date, the defendant had his initial appearance before Magistrate Judge Jonathan Goodman, who set a detention hearing for June 3, 2021 (DE 3).

    2.    On June 3, 2021, Magistrate Judge Otazo-Reyes held a detention hearing (DE 4). Pursuant to 18 U.S.C. § 3142(f)(1) and (2), the government moved for pretrial detention on the basis that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community (DE 3). Importantly, based upon the charged offenses, there is a rebuttable presumption in this case "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e)(3)(E).

3. During the detention hearing, the government established the following facts, *inter alia.*, in support of its request for pre-trial detention:

   a. The defendant's electronic devices contained at least 234 videos and 490 pictures depicting child pornography.

   b. Some of those videos and images depicted sadistic and masochistic conduct against prepubescent children.

   c. The defendant is sophisticated and cunning. In order to obtain certain images of child pornography, the defendant accessed a hidden website on the dark web using software that is designed to mask his IP address and then purchased the child pornography with digital cryptocurrency. The defendant stored some of the child pornography on a computer in his living room and kept his collection secret from his wife of fifteen years, all while holding a leadership position in a local Boy Scouts of America troop.

   d. The weight of the evidence against the defendant is strong. The defendant admitted to purchasing the child pornography from a website in a post-*Miranda* interview.

   e. The defendant is facing significant prison time. The Defendant's advisory guideline range is 188–235 months' imprisonment (or, with acceptance of responsibility, 135–168 months' imprisonment).

   f. The Defendant has the means to flee. The defendant has two retirement accounts with a combined balance of $134,000, he has approximately $4,000 in two IRA accounts, and he has $3,500 in cryptocurrency.

      g. The defendant has unstable employment and family life. The defendant informed pre-trial services that he will be fired from work based upon his arrest, and the defendant's wife is filing for divorce.

4. After hearing the evidence and argument of both parties, Magistrate Judge Otazo-Reyes continued the detention hearing in part to allow the defendant time to find a suitable place to live, if released on bond.

5. On June 8, 2021, Magistrate Judge Alicia Otazo-Reyes held the second detention hearing. The defendant did not present to the Court a suitable place to live while on bond. After the parties reiterated their original arguments, Magistrate Judge Otazo-Reyes ordered that the defendant could be released on a $50,000, 10% bond that must be co-signed by the defendant's parents, a $250,000 personal surety bond also cosigned by the defendant's parents, and subject to certain conditions. However, the Court ordered that the defendant shall not be released until he provided a suitable residence to live.

6. To date, the defendant has not satisfied that housing condition and remains in custody.

7. On June 10, 2021, a grand jury sitting in the Southern District of Florida returned an Indictment charging the defendant with two counts of receipt of child pornography and one count of possession of child pornography (DE 6).

8. On June 10, 2021, during a continued examination of the defendant's electronic devices, law enforcement learned for the first time that the defendant's electronic devices also contain images involving the production of child pornography in the defendant's living room. There is also a video that depicts the defendant's prepubescent daughter with her undeveloped

breasts exposed in her living room, and other images depicting an unidentified minor female with her panties partially pulled down, exposing her buttock area.

9. Based upon this newly discovered evidence, the government is moving for reconsideration of Judge Otazo-Reyes' order denying pre-trial detention (DE 5).

10. Pursuant to 18 U.S.C. § 3142(f), a detention "hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community."

11. "Accordingly, on a reconsideration motion, the Government is required to establish that a) information exists that was not known to the Government at the time of the initial detention hearing and b) that such information has a material bearing on the issue of whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." *United States v. Ramos*, No. 14-80052-CR-COHN, 2014 WL 1515264, at *2 (S.D. Fla. Apr. 7, 2014).

12. In this case, the newly discovered evidence has a material bearing on the issue of whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community because it clearly exacerbates and corroborates the government's contention that the defendant is a danger to the community. *See United States v. Sarras*, 575 F.3d 1191, 1220 (11th Cir. 2009) ("Child sex crimes are among the most egregious and despicable of societal and criminal offenses."). Additionally, it further demonstrates that the defendant cannot be trusted because he lied during his post-*Miranda* interview concerning whether he has ever engaged in sexually explicit conduct with a minor.

13. In addition to moving for reconsideration, the government is asking for a stay of Judge Otazo-Reyes' entry of a bond (DE 5) pending a ruling on the motion for reconsideration.

14. Pursuant to Local Rule 7.1(b)(2), the government requests a hearing on this motion. Both counsel for the government and the defendant are available Wednesday, June 16, 2021, in the morning.

15. Pursuant to Local Rule 7.1(a)(3), the government has conferred with defense counsel, who advised that the defendant objects to the government's motion for reconsideration.

16. If the Court denies the government's request for reconsideration without a hearing, the government is also requesting a stay of that order for purposes of appeal.

Respectfully submitted,

JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY

By: *[signature]*
Adam M. Hapner
Assistant United States Attorney
FL Bar No. 112006
U.S. Attorney's Office - SDFL
99 Northeast Fourth Street, 6th Floor
Miami, Florida 33132-2111
Telephone: (305) 961-9199
Facsimile: (305) 530-7976
E-mail: Adam.Hapner@usdoj.gov