UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CR-20337-BLOOM

UNITED STATES OF AMERICA,

v.

ADOLFO FERNANDEZ,

    **Defendant.**
_____/

**GOVERNMENT'S RESPONSE TO**
**THE STANDING DISCOVERY ORDER**

    The United States hereby files this response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

A.    1.    A copy of any written or recorded statements of the Defendant will be provided to the Defense by separate mailing.

        2.    The Defendant did not testify before the Grand Jury.

        3.    The NCIC record of the Defendant will be provided to the Defense by separate mailing.

        4.    Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the Defendant, are attached to this response to the extent practicable but not filed with the Court. Other items, including **contraband** and additional items that may become available at a later date, may be inspected at a mutually convenient time. Please call the undersigned to set up a date and time that is convenient to both parties.

        5.    There were no physical or mental examinations or scientific tests or experiments made in connection with this case.

B.    DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C.     The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976).

D.     The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of Giglio v. United States, 405 U.S. 150 (1972), or Napue v. Illinois, 360 U.S. 264 (1959).

E.     The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F.     The Defendant was not identified in a lineup, show up, photo spread or similar identification proceedings.

G.     The government has advised its agents and officers involved in this case to preserve all rough notes.

H.     The government will timely advise the Defendant of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

I.     The Defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.

J.     The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this case.

K.     The government is not aware of any substances involved in this case for which chemical analysis would be relevant.

L.     The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the government's possession.

M.     The government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendant.

N.     To date, the government has not received a request for disclosure of the subject-matter of expert testimony that the government reasonably expects to offer at trial.

       The government hereby demands a written summary of expert testimony that the defense reasonably expects to offer at trial pursuant to Rules 702, 703 or 705 of the Federal Rules of Evidence, describing the witnesses' opinions, the bases and

        the reasons for those opinions, and the witnesses' qualifications.

O.        The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, <u>Brady</u>, <u>Giglio</u>, <u>Napue</u>, and the obligation to assure a fair trial.

In addition to the request made above by the government pursuant to both Section B of the Standing Discovery Order and Rule 16(b) of the Federal Rules of Criminal Procedure, in accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the government hereby demands notice of any alibi defense for the time, date, and place specified in each count of the Indictment.

The discovery includes documents bates-labeled USA0001 – USA0135, two audio files, and two video files. Please contact the undersigned if any discovery is missing.

        Respectfully submitted,

        JUAN ANTONIO GONZALEZ
        ACTING UNITED STATES ATTORNEY

By:        */s/ Adam M. Hapner*
        Adam M. Hapner
        Assistant United States Attorney
        FL Bar No. 112006
        U.S. Attorney's Office - SDFL
        99 Northeast Fourth Street, 6th Floor
        Miami, Florida 33132-2111
        Telephone: (305) 961-9199
        Facsimile: (305) 530-7976
        E-mail: Adam.Hapner@usdoj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 28, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and mailed the above-mentioned discovery to:

Daniel L. Ecarius
Assistant Federal Public Defender
Florida Bar No. 719765
150 W. Flagler Street, Suite 1700
Miami, FL 33l30-1556
(305) 530-7000

By: _____
Adam M. Hapner
Assistant United States Attorney